UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY MILLS,

        Plaintiff,

        v.

ARLENE BLUTH,

        Defendant.

Case No. 2:26-cv-00516-TLN-CSK (PS)

ORDER GRANTING IFP REQUEST AND GRANTING LEAVE TO AMEND

(ECF Nos. 1, 2)

Plaintiff Anthony Mills is representing himself in this action and seeks leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915.[1] (ECF No. 2.) Plaintiff's application in support of the IFP request makes the required financial showing. Accordingly, the Court grants Plaintiff's IFP request.

## I.    SCREENING REQUIREMENT

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (2000) (en banc). A claim is legally frivolous when it lacks an

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

1

arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court accepts as true the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, and construes those allegations in the light most favorable to the plaintiff. *See Neitzke*, 490 U.S. at 327; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

Pleadings by self-represented litigants are liberally construed. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post–*Iqbal*). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies could not be cured by amendment. *See Lopez*, 203 F.3d at 1130-31; *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996).

## II.    DISCUSSION

The Complaint consists of three sentences. Compl. (ECF No. 1). The Complaint appears to allege Defendant Arlene Bluth conspired to deprive Plaintiff of due process rights by "fail[ing] to dismiss 100269/2023, causing unreasonable cost to the parties." *See id.* at ¶ 1. The Complaint provides no further information on Defendant's identity, Plaintiff's relationship to Defendant, nor further information on the matter described as 100269/2023. *See id.* The Complaint consists of three sentences. *See id.*

2

### A.    Federal Rule of Civil Procedure 8

The Complaint does not contain a short and plain statement of a claim as required by Federal Rule of Civil Procedure 8. In order to give fair notice of the claims and the grounds on which they rest, a plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims. *See Kimes v. Stone*, 84 F.3d 1121, 1129 (9th Cir. 1996). A review of Plaintiff's Complaint reveals it consists of "[t]hreadbare recitals of the elements" of her causes of action and fails to state a claim for relief. *Iqbal*, 556 U.S. at 678.

### B.    Failure to State a Claim

The Complaint appears to allege a claim for conspiracy to interfere with civil rights under 42 U.S.C. § 1985(3). To state a cause of action under Section 1985(3), the complaint must allege "(1) a conspiracy, (2) to deprive any person or a class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, (3) an act by one of the conspirators in furtherance of the conspiracy, and (4) a personal injury, property damage or a deprivation of any right or privilege of a citizen of the United States." *Gillespie v. Civiletti*, 629 F.3d 637, 641 (9th Cir. 1980) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102-103 (1971)). Unlike 42 U.S.C. § 1983, which requires a showing that a defendant acted under the color of state law, Section 1985(3) reaches private conspiracies. *Griffin*, 403 U.S., at 641.

Plaintiff's only allegation against Defendant is that she "conspired with individuals in depriving due process rights… [by] fail[ing] to dismiss 100269/2023, causing unreasonable cost to the parties." Compl. at ¶ 1. Plaintiff's allegation is conclusory and a "threadbare recital of the elements" of his cause of action. *Iqbal*, 556 U.S. at 678. Further, it is unclear whether Defendant showed a "[racial] or class-based, invidiously discriminatory animus," behind her actions. *See Gillespie*, 629 F. 3d, at 641. Therefore, the Court dismisses Plaintiff's civil rights conspiracy cause of action with leave to amend to the extent Plaintiff can allege additional facts to support his claim.

///

3

### C.    Leave to Amend

Although the Federal Rules adopt a flexible pleading policy, even a pro se litigant's complaint must give fair notice and state the elements of a claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). In light of Plaintiff's pro se status, and because it is at least conceivable that Plaintiff could allege additional facts to state claims under Section 1985(3), the Court finds it appropriate to grant Plaintiff an opportunity to amend the Complaint. *See Lopez*, 203 F.3d at 1130-31 (indicating that prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure – if it appears at all possible the defects can be corrected).

If Plaintiff elects to file an amended complaint, this new pleading shall allege facts establishing the existence of federal jurisdiction and must contain a short and plain statement of Plaintiff's claim. The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. *See* Fed. R. Civ. P. 10(b). Forms are available to help plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

The amended complaint must not require the Court and the defendants to guess at what is being alleged against whom. *See McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). The amended complaint must not require the Court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiffs to submit." *Id*. at 1180. The amended complaint must not require the Court and defendants to prepare lengthy outlines "to determine who is being sued for what." *Id*. at 1179.

Plaintiff is informed that the court cannot refer to a prior complaint or other filing in order to make the amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes prior complaint(s), and once the amended complaint is filed and served, any previous complaint no longer serves any function in the case. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012).

## III.   CONCLUSION

In accordance with the above, IT IS ORDERED that:

1.   Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is GRANTED;

2.   Plaintiff's Complaint (ECF No. 1) is DISMISSED with leave to amend; and

3.   Plaintiff shall have 30 days from the date of this order to file an amended complaint that complies with the instructions provided above. If Plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed.

Dated:  May 27, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

7, mill.0516.26.screening